UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES PHILLIP MAXWELL, | ) |
| Petitioner, | ) |
| v. | ) Case No. 3 09 0451 |
| | ) (No. 3:09-mc-0046) |
| | ) Judge Echols |
| UNITED STATES; and, in their defacto and or individual capacities INTERNAL REVENUE SERVICE, and EARNEST G. SCHULTZ, | ) |
| Respondents. | ) |

## ORDER

This is Petitioner's fourth case in this Court seeking to quash summonses issued by the Internal Revenue Service ("IRS"). The first two cases, Maxwell v. Internal Revenue Service, et al., Case No. 3:07-MC-0190 and Maxwell v. United States, Case No. 3:08-MC-0025 involved an IRS Summons issued and then reissued to Petitioner's father-in-law, Oscar Mason, relating to the IRS's investigation of Petitioner's tax liability for the tax years 1996 through 2006. The third case, Maxwell v. Internal Revenue Service, et al., Case No. 3:09-0308, involved an IRS summons issued to Belle Meade Title relating to the IRS's investigation of Petitioner's tax liability for the tax years 1997 to 2003. This case involves an IRS Summons issued to Michael Nettles relating to Petitioner's tax liability for the years 2003 through 2007. All of the summonses are related to the same investigation, and Petitioner has raised common arguments in each case. The previous three cases have been dismissed because Petitioner asserted frivolous and often-rejected arguments in support of his Petitions to Quash.

Respondents have now filed a Motion to Dismiss (Docket Entry No. 10) the instant Petition, arguing that Petitioner should be collaterally estopped from raising the same meritless arguments which

1

have already been rejected by this Court in the related cases brought by Petitioner. Respondents also argue the IRS and Revenue Agent Schultz are not proper parties in this action. Petitioner has filed a Response (Docket Entry No. 13) in opposition to the Motion to Dismiss.[1]

As a preliminary matter, it is clear that Agent Schultz and the IRS are not proper Respondents in this action. Instead, the Petition in this case "effectively presents a claim only against the United States insofar as it involves actions that were taken by the IRS and its employees or agents." Williams v. United States, 1990 WL 47555 at *1 (6th Cir. 1990); see, Zdun v. Henderson, 308 Fed. Appx. 215, 215 (9th Cir. 2009)(IRS agent is not proper defendant to Petition to Quash Summons); Johnson v. U.S. Federal Corp., 2009 WL 1047478 at *1 n.1 (D. Minn. 2009)(in third-party summons proceedings, proper defendant is the United States, not governmental agencies or IRS agents).

Turning to the substance of the Petition, Petitioner first asserts that the summons is invalid because "nowhere on the summons in question is written 'Treasury of the United States'; 'Secretary of the Treasury of the United States'; 'Secretary'; or 'United States' or any combination of either." (Docket Entry No. 13 at 1). Petitioner argues the absence of such language makes it unclear whether the issuing party had authority and, accordingly, "the summons is just so much waste paper." Id. However, Congress has authorized the Secretary of the Treasury or his delegate to issue administrative summonses, the Treasury Secretary has, in turn, delegated this authority to the Commissioner of the IRS who, in turn, has delegated that authority to certain IRS employees, including IRS agents. See, United States v. Crum, 288 F.3d 332, 334 (7th Cir. 2002); United States v. Hines, 2008 WL 1995066 at *4 (M.D. Fla. 2008); Lindberg v. United States, 2007 WL 1582881 at *2 (D. Minn. 2007).

---

[1] At the time he filed his Petition to Quash, Petitioner also filed a "Motion for Leave" (Docket Entry No. 4) in which he requests additional time to respond to any dispositive Motions filed by the Respondents. This Motion will be denied as moot since Petitioner filed a response to the Government's Motion to Dismiss.

2

In this case, as with the reissued summons to Mason in Case No. 3:08-MC-0025, and the summons issued to Belle Meade Title in Case No. 3:09-0308, the summons contains the seal of the Internal Revenue Service next to the word "SUMMONS" in bold, large-font type. Also, as with the summonses issued to Mason and Belle Meade Title, the summons in this case indicates it is from the Commissioner of the Internal Revenue and is duly signed by Revenue Agent Ernest G. Schultz and the approving officer, Group Manager Janet Cunningham. There is no question as to who issued the summons and under what authority. Petitioner's arguments to the contrary are without merit.

Petitioner next argues that "no law or fact exists imposing any liability upon me to pay the particular tax of the defendants' investigation," "defendants are only authorized to investigate a potential tax liability of those liable to pay the tax," and "there is NO law in the, or any applicable, tax code that imposes any potential liability upon me to pay the one particular tax of defendants' investigation." (Docket Entry No. 13 at 2) Petitioner claims it is incumbent upon the Respondents and the Court to "produce[] ANY law, fact or circumstance that imposes any liability to pay tax upon me[.]" (Id. at 3) In short, Petitioner argues that "26 U.S.C. [§] 7601 authorizes defendant[']s investigation only if I may be liable to pay the individual income tax." (Id.)

Such arguments by Petitioner "rest entirely upon his incorrect assumption that – before the third-party summons could be enforced – the IRS was required to show, and the district court was required to determine his liability as a taxpayer." Ramshaw v. United States, 189 Fed. Appx. 575, 575 (8th Cir. 2006) In this case, as in the last two cases, the Government has submitted the Declaration of Revenue Agent Schultz which indicates a legitimate investigation is being conducted; the inquiry is for a relevant purpose; the evidence is not in the IRS's possession; and the administrative steps required by statute have been followed. (Docket Entry No. 15) This is sufficient. Wagenknecht v. United States, 22 Fed. Appx. 482, 484 (6th Cir. 2001). Moreover, "[t]he IRS has the authority to investigate anyone *potentially*

3

liable for taxes pursuant to 26 U.S.C. § 7601 and to issue a summons to a non-governmental entity *pursuant to 26 U.S.C § 7609*." Boorsman v. United States, 1998 WL 791835 at *2 (6th Cir 1998)(italics added)

This Court has considered all of the arguments raised by the Petitioner and, as in his other cases, finds his arguments to be without merit and an attempt by him to misuse the judicial system in an effort to thwart an investigation into his potential tax liabilities. While Respondents have filed a request for sanctions in their Motion to Dismiss, the Court will decline to do so in this case because it is contemporaneously imposing sanctions against Petitioner in Case No. 3:09-0308

Accordingly, the Court hereby enters the following rulings:

(1) The Clerk is directed to file this miscellaneous case as a civil action, and file this Order and all future filings in the new civil case;

(2) Petitioner's "Petition to Quash Summons" (Docket Entry No. 1) is hereby DENIED;

(3) Petitioner's "Motion for Leave" (Docket Entry No. 4) is hereby DENIED AS MOOT;

(4) Respondent's Motion to Dismiss (Docket Entry No. 10) is hereby GRANTED; and

(5) This case is hereby DISMISSED WITH PREJUDICE

Entry of this Order on the docket shall constitute entry of a final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

4